IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02424-PAB-MJW

QCE HOLDING, LLC, a Delaware limited liability company,

    Plaintiff,

v.

ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation;
ILLINOIS UNION INSURANCE COMPANY, an Illinois corporation;
ACE USA, INC., a Delaware corporation, and
ACE US HOLDINGS, INC., a Delaware corporation,

    Defendants.

---

**ORDER OF REMAND**

---

The Court takes up this matter on defendants' response ("Def.'s Resp.") [Docket No. 19] to the Court's order to show cause that the case should not be remanded due to this Court's lack of subject matter jurisdiction. [Docket No. 10]

**I. BACKGROUND**

The notice of removal claims that the Court has jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332. *See* Notice of Removal of Civil Action [Docket No. 1] ("Notice of Removal") at 2. The Notice of Removal further states that the "original *Complaint* and the *First Amended Complaint and Jury Demand* (the '*Amended Complaint*') filed in the State Court Action both allege the plaintiff, QCE Holdings, LLC ('Quiznos'), is a Delaware limited liability company with its principal place of business in Denver, Colorado." Notice of Removal at 2 (emphasis in original); *see* Notice of Removal, ex. 3 (Complaint) ¶ 1. The notice of removal also states that

defendant ACE American is a Pennsylvania corporation with its principal place of business in Pennsylvania, that defendant Illinois Union Insurance Company is an Illinois corporation with its principal place of business in Pennsylvania, and that defendant ACE USA, Inc. has merged with defendant ACE US Holdings, Inc., which is a Delaware corporation with its principal place of business in Pennsylvania.  Notice of Removal at 2-3.  Defendants contend in their Notice of Removal that the latter two defendants have been fraudulently joined and, therefore, do not destroy diversity.  *Id.* at 3-5.  For the reasons stated below, the Court need not address that argument in light of defendants' failure to otherwise adequately establish diversity.

## II.  DISCUSSION

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

Defendants invoke 28 U.S.C. § 1332(a)(3) as the basis for this Court's diversity jurisdiction.  Section 1332(a)(3) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties . . . ."

Defendants contend that "the Plaintiff is deemed to be a citizen of: (1) the state of its formation; (2) the state where its principal place of business is located; and (3) any state where its members are citizens." Def.'s Resp. ¶ 2. Only the last basis is relevant to the determination of an LLC's citizenship. As the Court stated in the order to show cause, the state of incorporation and the location of the principal place of business are irrelevant to the determination of an LLC's citizenship. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008).

When an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes. In other words, when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court. *See U.S. Advisor, LLC*, 2009 WL 2055206, at * 2; *SREI-Miami, LLC v. Thomas*, No. 08-cv-00730-MSK-BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008); *see also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, No. 06-88-A, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007); *cf. Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990) ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.").

Here, defendants have not provided sufficient information regarding the citizenship of the plaintiff. Through investigation they have identified entities that "may

(or may not) be members of Quiznos." Def.'s Resp. ¶ 12. They have not been able to determine whether those entities represent all of plaintiff's members. Furthermore, some of the entities they have identified are LLCs or limited partnerships. For certain of these members, defendants "have been unable to determine the identities of [their] members," *id.* ¶ 12(a), (b), & (f), or "limited partners." *Id.* ¶ 12(g) & (h). Thus, defendants have failed to establish this Court's diversity jurisdiction. *See Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004) ("The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter.").[1]

Defendants ask the Court to allow limited discovery on the question of plaintiff's citizenship, contending that plaintiff surely has the information regarding its own membership. While the Court is sympathetic to defendants' inability to determine plaintiff's membership under Delaware law, defendants have the burden of establishing this Court's jurisdiction. Plaintiff's refusal or failure to disclose information to defendants is irrelevant to the jurisdictional issue. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("Subject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings."). Moreover, the Court will not permit limited discovery on the question.

Defendants have failed to account properly for the citizenship of the plaintiff LLC in this litigation. Therefore, it is

---

[1]Therefore, when a defendant removes a case from state court asserting the Court's diversity jurisdiction, such as here, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

**ORDERED** that this case is REMANDED to the District Court, County of Boulder, Colorado, where it was originally filed as Case No. 2009-CV-881, Division 2.

DATED November 2, 2009.

                                            BY THE COURT:

                                            s/Philip A. Brimmer
                                            PHILIP A. BRIMMER
                                            United States District Judge